Case 24-6152, USA v. Jason Florence, Oral Argument, 15 minutes per side. Mr. Reho for the appellant. You may proceed. Thank you, and may it please the Court, Counsel. I'm here this morning to speak about Jason Florence being sentenced for a different crime than the jury convicted him of committing. The trial court imposed the mandatory minimum 10-year sentence based on its finding that Mr. Florence had a qualifying predicate offense under 2252A, subsection B2. But the jury was never instructed to find, nor did it find, that Mr. Florence had that qualifying predicate conviction. Any fact that increases the penalty, including by creating a mandatory minimum, is an element that must be submitted to the jury and proven beyond a reasonable doubt. 2252A, subsection B2, sets out the penalties for three distinct but related crimes regarding the knowing possession of child pornography. Did your client stipulate to the fact of his 2015 prior conviction? Your Honor, he did stipulate to that conviction. The government moved to introduce that under FRE 414 for propensity evidence to help prove the base offense of knowingly possessing child pornography. So the stipulation was in the context of an evidentiary ruling. What Mr. Florence did not stipulate to is that his prior conviction was a qualifying predicate offense under the statute. Is there any question whether it is a qualifying offense? We do think that the government could have proven that it was a qualifying predicate offense had it presented that to the jury. But we think that the issue here is not about whether the government could have proven it, but what happened as a result of the government not proving it. And what happened here is that the jury convicted Mr. Florence of one crime and then the trial court sentenced him for a different one. Well, the trial court increased the sentence because of the mandatory minimum. Yes, Your Honor. I'm sort of confused how you think this all fits with Al Mendera's and the other Supreme Court and Sixth Circuit cases. Given that you stipulated that he had this prior conviction and that it was clear that such a prior conviction would lead to an enhanced mandatory minimum, it doesn't seem like there's anything for the jury to be finding, especially given the Al Mendera's line of cases. Yes, Your Honor. So, as we point out in our reply brief, there are two particular components to the predicate qualifying offense part of the statute. That there was a prior conviction, which Mr. Florence stipulated to, and that that prior conviction falls under one of the categories under subsection B-2 of the types of offenses that lead to the mandatory minimum. And that second finding wasn't made in this case. What Your Honor is speaking to about that this court could, or that the jury could have found that, we think goes where the error was harmless or not. Not as to whether it is the jury that must be the one making that finding under the Sixth Amendment and not the trial court. So could it be a harmless error then, if we were to sort of go part of the way down your path? Well, we don't think the error here was harmless for two reasons. The first one is, and I want to make sure to say this, at least for purposes of further review, if not because of what Judge Quay also mentioned in his dissent in the Cogdale case, which is that we think this would be a structural error. We think that when the question is, who should be answering the question, we don't think it matters if the answer would be the same. And we think that the jury should have been the one to make this call, not the judge. We think the Sixth Amendment from Apprendi through Erlinger demonstrates that this is the jury question. And so we do think this would be a structural error. But Cogdale is against you, though, since I heard the dissent there. So the dissent is heresy for purposes of your argument. Well, Your Honor, like we mentioned, we do think that this is for the purpose of pointing out further review about the need for this to be a structural error. But we do agree that the Campbell case set out that harmless error applies in this circuit to this type of error. As for why we think that this particular error would not be harmless, is we don't think the focus of the harm should be on whether the jury would have found the element. We think the harm is what happened at sentencing. And the Kimbrough case sets out the two different sentencing or the two different errors for tests, excuse me, for harmless error, for an Erlinger error. And one of the tests was would the jury have found it beyond a reasonable doubt. And we're not challenging that or contesting that here. The second test is about the sentencing error itself and can the government show with certainty that the sentence would have been the same. And we don't think that the government can show that here because without that finding by the jury, the judge still imposed the mandatory minimum. And the sentencing range was 79 to 121 months. And the judge imposed mandatory minimum, which was at the near the upper end of 120 months. And so we don't think the government can show with certainty that the trial court would have still imposed a 120-month sentence without the finding. So that's why we don't think that it is harmless here. If I... Did the district judge justify his selection of the 120 months by looking at the 3553A factors and so forth? Or did he just say because there's a mandatory minimum, I must apply 120 months? Well, we have challenged whether the trial court properly went through the factors that were necessary. But the trial court did say this is the mandatory minimum and I am applying it. He did mention a few reasons for the sentence as far as a prior conviction as well as that he saw evidence of an attempt to conceal based on the evidence at trial. But the trial court did say it was imposing the mandatory minimum, which limited the range to 120 to 121 months. And it imposed the 120-month sentence. The reason that we think that Almendarez-Torres is different and it shouldn't be followed here is... Well, we have a few reasons. First is we're aware obviously that it's binding on this court, but we do think it should be overruled. We think it's inconsistent with the Sixth Amendment. But there's also two additional reasons that we think it's different here. The first one is the prior convictions in Mr. Almendarez-Torres' case increased the maximum penalty. And here, this case is about the mandatory minimum. So we think that it's distinguishable on those grounds alone. The second reason is Mr. Almendarez-Torres pled guilty. And not only did he admit to the illegal reentry, he also admitted to the rest of it, which were the prior convictions, the prior felony convictions that were used to increase his sentence. Mr. Florence went to trial. But he did stipulate. I mean, we started off with that. So that part is quite similar. The first part of what we think needs to be found here, the prior conviction, was stipulated to. The second part, does that conviction mean it falls under 2252A, subsection B2, as a qualifying predicate offense, was not stipulated to. And we think that's the finding that the jury needs to make, is what does that conviction mean, that prior conviction. Why isn't that a question of law? Well, that was what the trial court thought, was that this was a legal determination. And we think that it is a fact that increases the penalty, and so the finding needs to be made by the jury. We think before Erlinger, there may have been a trial court with the different occasions that would have said that's a question of law. And so we think an element by any other name is still an element, and that the jury has to be the one to make this finding here. But doesn't the statute say that certain crimes are qualifying crimes? And you have stipulated that your client committed that crime, which is stated in the statute, to be a qualifying crime. So I'm sort of repeating Judge White's question, because I'm not sure that I understand why all of a sudden it's a fact issue. Well, we think that what that prior crime means, and I understand Your Honor to be saying, well, it fits under the statute. We think whether it fits under the statute is the jury question. And we do think in many cases it would be very straightforward. In Erlinger, the Supreme Court talked about often this would be straightforward. That doesn't change who makes the call. And we think it's a jury question and not one for the trial court alone, because the prior conviction, the stipulation to that, does not make it a qualifying predicate offense. Then you take that conviction and look to the statute and see if it falls under one of the categories of prior convictions. And if the jury was able to make that call, and it often will be able to, then there would not be the problem here. And then you would move on to whether there was harmless error in the event that the jury did not make the call, which is what happened in this case. Are you contesting the lifetime supervised release? We are, Your Honor. We think it was substantively and procedurally unreasonable. As far as the procedural unreasonableness, we don't think that the trial court properly went through all the factors. Did you bring that to the trial court's attention? That was not preserved, Your Honor. The procedural objection was not. And we'd ask this court to review it for plain error. The substantive reasonableness was contested. And so we would ask that this court look at it. Mr. Florence, we thought his age mattered. He had previously gotten treatment, sex offender treatment, from his prior conviction. He also had mental health issues. He had been diagnosed with PTSD. This is all in the record. And so we think that it was not necessary to have a lifetime supervision condition following his 10-year prison sentence in this case. How old was he when he was sentenced? He was 49 years old, Your Honor. So a 10-year term of imprisonment he'd be getting out when he's in his late 50s. So he'd be nearing 60 years old. And we don't think lifetime supervision is no more than sufficient for these facts and Mr. Florence to be supervised. If I may, I'd like to reserve the rest of my time for a moment. Thank you. May it please the court, Amanda Gregory for the United States. Section 2252A.B.2 creates a sentencing enhancement based on a defendant's prior conviction for sex abuse related crimes, including any conviction for a violation of an offense under Section 110 of Title 18. Under Almendarez-Torres, which is still good law, judges are permitted to find the fact of a prior conviction, including what the crime was and with what elements that the defendant was convicted of. In Erlinger, the most recent case from the Supreme Court that's addressed this that was relied on by Florence, the Supreme Court acknowledged this is still good law and repeated its very limited scope. And here the district court did no more than was permitted by Almendarez-Torres' limited exception in finding that Florence had a previous conviction for violating an offense under Section 110 of Title 18. Your opponent was arguing that this is a fact question. Is it a fact question? Which aspect of it? The Section 110 portion? Any aspect. Well, whether a conviction exists is a legal fact, and whether it falls under Section 110 of Title 18, it's a pure question of law. And it's not an adjudicative fact that could vary from case to case. So what if he had not stipulated to the prior conviction? Would you have had to prove the prior conviction and have the jury determine that there was a prior conviction? Not, well, if we, it still received the Rule 414 ruling, or... Well, just take my hypothetical. If there's no stipulation that a prior crime was committed, but you, the government, believe that there's a prior crime that was committed and convicted, and there's a judgment for that, would you have to prove that to the jury, and the jury would have to find that in order for you to prevail? Or do you have another answer? No. Under Almandar's Torahs, this is the fact of this prior conviction, which is solely a recidivism-based sentencing enhancement, does not need to be specifically charged in the indictment or proven to the jury. Here, that fact, and in fact the judgment, was introduced as an exhibited trial. So it was introduced to the jury, but it was as a component of the government's evidence to show the defendant's prior knowledge and intent under Rule 414. So, in this case, the government did put on evidence regarding the conviction, but they were not, we were not required to, under Almandar's Torahs, because that issue doesn't have to be submitted to the jury. The judge can make that finding. So what did the defendant gain from making the stipulation here? If you introduce this kind of material to the jury about his prior conviction? That might be a better question for Mr. Florence's counsel, but given the overall context of the case, a lot of information was going to come in on his prior conviction, because this phone was discovered during a supervised release visit, and he was on supervised release for the conviction that he already had. So all of that evidence was coming in. Perhaps they weren't belaboring the subject even more by having the stipulation. Even if Florence is correct, or was correct, or some future court decides that Almandar's Torahs is out the window, then any error was harmless, as the court has pointed out, because Florence has stipulated to the conviction, and even if he hadn't, the evidence of the prior conviction was overwhelming. He was on supervised release for the prior conviction. The judgment from the prior conviction was admitted. Florence argues that he didn't stipulate that his conviction was under Section 110 of Title 18, but again, where the conviction fell in the United States Code is a question of law, not the type of fact that would be submitted to a jury. Because he's stipulated to having committed the prior crime, which has a number, and that number puts it within Chapter 110? Yes, or Section 110. Is it Section or Chapter? My colleague on the other side, he referenced Kimbrough, and I may not have understood what he was saying, but he said that there were two components that Kimbrough looked at for harmless error. The first being whether a jury would have found the fact beyond a reasonable doubt, and the second being that whether the judge would have arrived at the same sentence. But those are not either or harmless error tests. You first look at the first one, whether the jury would have found the issue beyond a reasonable doubt, and then look at the second one. And here, the jury would have found the issue beyond a reasonable doubt because of the overwhelming evidence. For the same reasons that the issue did not have to be submitted to a jury, the indictment was constitutionally sufficient. Almodovar-Torres, itself, was a case where the appellant was challenging the indictment rather than the jury question. And it's the same standard in determining whether something needs to be charged in the indictment and then included in an instruction to the jury. On the issue with respect to the probation officer's testimony, the district court did not abuse its discretion in admitting the probation officer's testimony. The officer was explaining his state of mind at the time with respect to his interactions with Florence. The question that was put to the officer was, did you believe the defendant when he told you this? So it's not even whether the probation officer currently at the time of testimony believes this, but explaining his state of mind at the time. Why is that relevant? Why is his state of mind relevant? Well, Florence had stated that his landlord, who ran two different transitional houses for people on supervised release, including other sex offenders, had provided the phone. So if the probation officer believed that the landlord provided the phone, a phone that a person on supervised release is not eligible to have, so it's contraband, then that would be a big issue. And it would be something that one would think the probation officer would take a new tact in his investigation to make sure that other contraband devices weren't being handed out at these transitional houses that are being supported by the government. Wouldn't Mr. Florence still be in violation of the condition of his supervised release by having a phone that his landlord gave him? Yeah, well, so he is permitted to have a phone. It has to have certain monitoring, and the probation officer has to know about it. But yes, with this particular phone, whether the landlord gave it to him or not, he would be in violation. And whether there was CP on it or not, he was going to be on violation because there was already an Officer McGowan search. He discovered adult pornography, and that was also a violation of the conditions of supervised release. So the fact that the probation officer didn't, at the time that Florence made that statement, believe that the landlord had provided the phone explains why he focused his investigation on still looking at the phone, talking to Florence, rather than going and trying to determine whether the landlord was providing these contraband devices. Even if the admission of this testimony was an error, the error was harmless. There was overwhelming evidence that Florence knew that there was child pornography on the phone. And he clearly possessed the phone. The probation visit occurred early in the morning on September 1st, 2022. The child pornography that was accessed on the phone was accessed over a several hour period on August 30th, 2022, so just two days before that. The phone was found in Florence's bed. He had the 10-digit passcode to the phone, which showed both that it's an indication of ownership and it's an indication that he wanted to keep the phone secure. And McGowan testified that Florence did tell him that it was a phone that he, Florence, had had for six months and that he had used to access the Internet and that he had used to use a secure browser on the Internet. And the phone was filled with anonymizers and cleanup apps that had been downloaded within the last six months. There's also someone who testified who was essentially the manager of the house or the assistant to the landlord, and he testified that there was no shared phone in the house and that he was unaware of anyone using Florence's phone. And just given the situation to the house and common knowledge and practice of ownership of a phone, there would not be phones being passed around. Finally, the term of supervised release was both procedurally and substantively reasonable. The district court explained its concerns with Florence's recidivism, including the fact that he had committed the same type of offense he had been convicted for before while he was on supervised release for that prior defense. Florence's arguments about sex offender treatment and rehabilitation are undercut by the fact that he re-offended after he had had sex offender treatment. So for all these reasons... If he violated his term of supervised release the first time around, why does having a longer term of supervised release address the problems? Well, it keeps him... As opposed to having a different kind of condition but with a five-year supervised release term? Well, I guess it depends on what you mean by address the problem. If you mean, does it rehabilitate him completely? That may not even be an option, but it leaves open the possibility of rehabilitation. And having a longer term, as the court has pointed out in other cases, if there's a longer term, that can always be cut short, but it's more difficult to add on. In the interim, the longer term keeps Mr. Florence under supervision. It gives the probation officer... The probation officer talked about how he had both sort of a law enforcement supervisory type role, but also a social worker type role where he's trying to help someone. So it gives him more time to do this. And it also protects the public from the possibility of continued violations by Mr. Florence. Seeing no other questions, we would urge you to affirm the district court. Thank you. Rebuttal. Thank you, Your Honor. Do you want to say, just from the outset, that we disagree with the government's position that we would have to show that this error was harmless, both in that the jury would have found the element beyond a reasonable doubt, and that the sentence would have been the same? We don't think that both of those have to be shown. What happened in this case was that a jury was instructed on finding whether Mr. Florence had convicted the base offense of knowingly possessing child pornography, which it found beyond a reasonable doubt, and it was then asked through a special interrogatory and found beyond a reasonable doubt that a victim was under 12 years old. That's the crime the jury convicted Mr. Florence of committing. The trial court then, over objection, imposed the mandatory minimum as well. So we think that, and we've not challenged the sufficiency of the evidence for the conviction that the jury rendered, which was knowingly possessing child pornography with a victim under the age of 12. So we think the harm here is with the sentence. And that's why we think the sentencing harmlessness test is what applies if this error is not structural. And we don't think the government can show with certainty that it would have, the trial court would have imposed the same sentence. If there's no other questions, we'd ask the court to... At the end of that sentence, would have imposed the same sentence if what? If the error had not occurred. You mean would have imposed the same sentence if it had been submitted to the jury? We understand the test to be that the government must show with certainty that the trial court would have imposed the same sentence without the sentencing error. And we think the sentencing error here is that this case jumped the tracks after conviction and before sentencing. And it ended up being a different crime that the trial court was sentencing Mr. Florence for. So we think the error that the government must show is, can it show with certainty that a 10-year sentence, 120 months, would have still been the same sentence the trial court would have imposed? Again, that's the same thing, if what? If it had submitted the question to the jury or if what? If the trial court had imposed the sentence for the crime that Mr. Florence was convicted of, which was knowingly possessing child pornography with a victim under the age of 12, which creates a penalty range of 0 to 20 years, does not create a mandatory minimum. So would the trial court have imposed a 10-year sentence without it erroneously imposing the mandatory minimum based on the conviction that the jury actually rendered in this case? And we don't think the government has shown that it would have been a 120-month sentence if the trial court had imposed a sentence of 0 to 20 years without the mandatory minimum. But this is sort of like a counterfactual. What would your relief be, given your argument that you've just made? Yes, Your Honor. The relief that we're requesting, as said in our briefs, is for the case to be sent back for resentencing. For resentencing, as opposed to retrial before a jury that would be instructed that they should find or not find whether the condition that leads to a mandatory minimum of 120 months existed. That's right, Your Honor. The Alain case, the U.S. Supreme Court, the relief that Mr. Alain received was for the case to be sent back for resentencing that was consistent with the jury's verdict. And the jury's verdict in this case was a range of 0 to 20 years without a mandatory minimum. And what we're requesting is that Mr. Florence's case be remanded, that the sentence be vacated, and the case remanded for a new sentencing that does not involve a mandatory minimum sentence. And does this argument require us to depart from Alain? Well, we don't think it does in the sense of in Alain the case was about a mandatory minimum that the judge found that the jury did not. And our position is that's exactly what happened here. The judge found the qualifying predicate offense that the jury did not. And the relief in Alain was to go back for the trial court to impose a sentence within the range that did not involve the brandishing mandatory minimum that the jury never found. Here the jury never found the qualifying predicate offense. And we think that the same relief is warranted here for Mr. Florence. So if the district judge had said, I think that I should impose the mandatory minimum sentence because he did commit a crime that qualified. But if I'm wrong, I think he should get 120 months because of these factors that I'm discussing, about the 3553A factors and so forth. Would you have a case then? We do think that case would be different. We do think there would be more to consider. But we still wouldn't agree necessarily that if the trial court was making a comment about the mandatory minimum that it wasn't still considering it in part. Obviously that would be based on the particular facts and what the trial court would say at sentencing. But what happened in this case is the trial court said, I think this is a legal finding. I'm making the finding. And there's a mandatory minimum here and I'm imposing it. Thank you. Any questions? Thank you very much. Thank you both. The case will be submitted.